### BERGER BROS. CO. v. CHARLES P. BOYD, Inc.

### Nos. 9925, 10087.

District Court, E. D. Pennsylvania.

Feb. 20, 1939.

George J. Harding, Hayward H. Coburn, and Busser & Harding, all of Philadelphia, Pa., for plaintiff.

John P. Connelly and Hugh P. Connolly, both of Philadelphia, Pa., for defendant.

DICKINSON, District Judge.

Leave was given to submit briefs.

There are two bills, one for unfair competition, and the other for patent infringement. The two proceedings were consolidated, tried together and disposed of as one. The patent bill concerns Patents Nos. 1,635,690, 1,577,163, 1,630,935, 1,823,631 and 1,717,829. The case is unusual and unique in respect to one feature. Both parties are engaged in the hook and hanger business. Before the entrance of the defendant upon the trade, there were two parties, having the same family name of Berger, engaged in that business. One was the plaintiff which traded under the name of Berger Brothers. The other was the L. D. Berger Company. The two concerns, perhaps through patents now expired, seem to have monopolized the trade, or at least so dominated it, that the type of hook and hangers supplied to the trade 'came to be known as Berger or the Berger make. The two concerns were competitors, but so far as this record discloses there was no friction between them. The L. D. Berger Company fell into financial difficulties and all its assets, including good

will and Patents Nos. 1,577,163 and 1,717,829, were sold in July, 1937, by the Receiver of that Company under order of a Court in Equity. All which was thus sold was subsequently assigned to the plaintiff. The personnel of the L. D. Berger Company, who had been making hangers during the Receivership, being thrown out of employment by the failure of the company, resolved to continue its business, and for this purpose went en masse into the employ of the defendant company, which thereafter continued the business. As would be expected, having conducted the business of the L. D. Berger Company, they continued it as it had been carried on. This brought them in conflict with the plaintiff and hence the filing of the bills. The real complaint of the plaintiff is that of unfair competition. Any one had the right to sell the type of product known to the trade as the Berger type. The plaintiff had no lawful monopoly of the sale of the Berger type of product. The fact that Berger was the family name of those who had organized the plaintiff company nor the truth that the name had attached itself to a type of product because of the activities of members of that family in its production and sale, did not confer such monopoly. The defendant, however, as a competitor of the plaintiff, had no right to palm off its make of the Berger product, as the make of the plaintiff. The distinction indicated must be borne in mind. The plaintiff and the former L. D. Berger Company for the purpose, we suppose, of giving some legal sanction to their claims to the exclusive right to sell the Berger product after the expiration of the patents they had held, procured the issue of patents on special makes of the product.

The claims of these patents admittedly must be given the narrowest construction. They cover only the particular make of product described in the respective claims. Whatever may be urged against the policy of granting patents for special makes of anything, the Patent Office has granted these patents. They must, of course, disclose invention and original-ity but the grant of the patent is evidence of validity. Besides, Patent No. 1,635,690 has been found valid by the District Court of the United States for the Eastern District of New York. We accordingly conclude Patents Nos. 1,635,690, 1,577,163, 1,630,935, 1,823,631 and 1,717,829 to be valid and find infringement. On the finding of infringement this should be said, for it has a bearing upon the complaint of unfair competition. The defendant could easily have avoided infringement. Why then did it not do so? The answer of the plaintiff would, of course, be and is because the defendant wished to palm off its product for that of the plaintiff. There is, however, another answer. The defendant had no knowledge of the hook and hanger business. It had secured the services of the manager of the L. D. Berger Company and its entire corps of employees. It in consequence turned over the production part of the business to them. The plaintiff and L. D. Berger had made and sold in competition the like product. The plaintiff nor L. D. Berger Company had either complained of the other. The explanation may be that each was a trespasser upon the rights of the other. The defendant continued what the L. D. Berger Company had been doing in the belief that what the Berger Company had been doing it could do. This has a bearing upon the question of unfair competition. There is no room to doubt that the defendant sold and represented itself as selling the like and in this sense the same product the plaintiff sold. The L. D. Berger Company had done the same. It did not, however, impose its product upon purchasers as the product of plaintiff. No more did the defendant. Indeed those who were the purchasers made such deception impossible. The purchaser knew of whom he was buying and whose product he was buying. There was no unfair competition in what was done.

Plaintiff has the right to an injunction against infringement and to an accounting.

The bill for unfair competition should be dismissed for want of equity.